# STULTS ET AL. v. NELSON, CHEESMAN & CO. ET AL.

### [No. 7,462.   Filed January 12, 1912.]

1. TRIAL.—*Conclusions of Law.*—*Exceptions.*—Exceptions to conclusions of law admit, for the purposes of such exceptions, that the facts were correctly found.   p. 210.

2. INJUNCTION.— *Restraining Levy of Execution.*— *Judgment.*— *Payment.*—*Attorneys.*—In a suit to restrain a sheriff and others from selling property by virtue of an execution on a judgment against a debtor, special findings that the creditor placed the claim in the hands of a collecting agency, that after a payment had been made thereon the creditor notified the debtor not to pay any more to such agency, but to pay to another agency named by the creditor, that such debtor confessed judgment for $125, the balance due, and stayed the judgment, that such former agency demanded payment and the debtor paid to it $100, that it reported to such creditor that it had received on such judgment $109.85, enclosing the amount due to such creditor, which the creditor refused, sustain a conclusion of law for the defendants; and the respective rights of the collecting agencies and the creditor thereto are not involved.   p. 210.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Suit by Rebecca F. Stults and others against Nelson, Cheesman & Co. and others.   From a judgment for defendants, plaintiffs appeal.   *Affirmed.*

*C. W. Watkins* and *E. O. King,* for appellants.

*W. A. Branyan,* for appellees.

FELT, C. J.—This was a suit by appellants against George A. Mahoney, sheriff of Huntington county, and Nelson, Cheesman & Co., to enjoin them from selling certain crops to satisfy a judgment taken in favor of appellee company against appellant, Francis I. Stults.   Issues were joined, a temporary restraining order issued, and the court requested to make a special finding of facts and state its conclusions of law thereon.

From a judgment in favor of appellees this appeal is taken.

It is assigned that the court erred—

(1)  In overruling appellants' motion for a new trial, and

(2)  In stating its conclusions of law and each of them.

Appellants' motion for a new trial questions the sufficiency of the evidence to support the finding of the court, but no attempt has been made to bring the evidence into the transcript.

The court found, in substance, that in 1906 an account against Francis I. Stults in favor of Nelson, Cheesman & Co. was sent to Sprague's Mercantile Agency, Chicago, Illinois, for collection; that in September, 1907, Sprague's agency secured a special contract from Nelson, Cheesman & Co. in which it was agreed that if Sprague's agency collected said claim at its own expense, Nelson, Cheesman & Co. would accept fifty per cent of the claim in full payment; that after this contract was procured, the claimant learned that Stults was solvent, and late in 1907, served a notice on him to pay no more money to Sprague's agency, and also notified him that the claim was in the hands of R. G. Dun & Co., which concern was alone authorized to collect the account; that this information was communicated by Stults to Sprague's agency, and the latter, on January 27, 1908, abandoned any further effort to collect the claim, and so notified Nelson, Cheesman & Co.; that on December 9, 1907, Francis I. Stults, at the instance of the attorney for R. G. Dun & Co., went before a justice of the peace and confessed judgment in the sum of $128.72, which was the full amount of the claim less $25 previously paid to Sprague's agency; that a transcript of said judgment was duly filed in the office of the clerk of the Huntington Circuit Court; that said Stults duly stayed said judgment by his coappellant Ernest W. Stults; that shortly before the expiration of the stay of execution, Sprague's agency sent said contract, in which Nelson, Cheesman & Co. had agreed to accept fifty per cent,

to E. O. King, the law partner of said Stults; that Stults did not pay or satisfy said judgment of record, nor pay it to the judgment creditor, but paid attorney King $100, and said King retained $15 therefrom and forwarded to said agency $85; that on November 9, 1908, Sprague's agency reported to Nelson, Cheesman & Co. that it had collected $109.85, and forwarded a personal check to Nelson, Cheesman & Co. for $54.92, which check it refused to accept, and promptly returned it to Sprague's Mercantile Agency; that an execution was duly issued from the office of the clerk of the circuit court of Huntington county, and a levy was made upon certain personal property of said Francis I. Stults; that this injunction suit was instituted in the Huntington Circuit Court, and appellees Nelson, Cheesman & Co. and the sheriff of said county were, by order of the court, restrained from further proceeding thereon.

Upon this finding of facts the court stated its conclusions of law, in substance, as follows: That the law is with appellees, and Francis I. Stults is estopped to deny the authority of R. G. Dun & Co.; that said Stults was under no legal obligation to pay said claim to Sprague's agency; that the restraining order should be dissolved, and Nelson, Cheesman & Co. proceed to collect said judgment.

1. On the state of this record the only questions for our decision arise on the exceptions to the conclusions of law. These exceptions admit, for the purposes of this appeal, that the facts are fully and correctly found.

Questions that may arise between appellant Francis I. Stults and Sprague's agency, or between said agency and Nelson, Cheesman & Co., are not material here.

2. The finding of facts shows conclusively that Stults was notified to pay no more money to Sprague's Agency, long before he paid the $100 to said company through attorney King; that several months before such payment was made said company had abandoned the collection of the claim, and notified Nelson, Cheesman & Co.

of that fact; that the claim was placed for collection with R. G. Dun & Co., and appellant Francis I. Stults notified that it alone 'was authorized to collect the claim; that said Stults voluntarily confessed judgment, and caused it to be stayed; that the judgment was unpaid when the stay had expired and the execution for its collection was duly issued and a levy regularly made.

In view of these facts, the court could not do otherwise than find for appellees. The controlling questions of fact are all found in their favor, and the questions of the rescission of the contract and the rights and obligations of attorneys suggested by counsel require no consideration here, as the facts found by the court conclude every possible question presented by the record.

Judgment affirmed.